UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MILTON YANCY JR. ) | |
| ) | |
| Plaintiff, ) | Cause No. |
| ) | |
| v. ) | |
| ) | DEMAND FOR JURY TRIAL |
| ) | |
| MIDLAND FUNDING LLC ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

COMES NOW Plaintiff, Milton Yancy Jr., by and through counsel, Legal Services of Eastern Missouri, Robert L. Swearingen for his Complaint against the Defendant, Midland Funding LLC, states to this Honorable Court as follows:

### INTRODUCTION

1. This is an action for statutory damages and actual damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 USC 1692 et. seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. Jurisdiction of this Court arises under 15 USC 1692k(d).

3. This Court has jurisdiction over the Defendant by virtue of the fact that it is engaged in the business of collecting consumer debts in this judicial district.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**PARTIES**

4.  Plaintiff, Milton Yancy Jr. (hereinafter referred to as "Mr. Yancy") is an individual who resides in Saint Louis County, State of Missouri.

5.  Mr. Yancy is a "consumer" within the meaning of 15 U.S.C. § 1692a(6) because he is a natural person alleged to owe a debt incurred primarily for personal, household or family purposes.

6.  Defendant, Midland Funding LLC (hereinafter referred to as Midland Funding) is a limited liability company organized under the laws of the State of Delaware, registered with and operating under the laws of the State of Missouri and acting within the jurisdiction of this Court.

7.  Midland Funding is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) in that Midland Funding regularly collects or attempts to collect debts owed or asserted to be owed or due another using the instrumentalities of interstate commerce and the mails.

**FACTUAL ALLEGATIONS**

8.  Mr. Yancy incurred a financial obligation to the First Bank of Delaware on a credit card issued by the same (hereinafter referred to as "the debt"). The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

9.  At a time unknown to Mr. Yancy, the debt was sold to Midland Funding LLC.

10. On April 6, 2011 Midland Funding filed a petition to collect for the debt in the Circuit Court of the City of Saint Louis, Associate Judge Division, styled "Midland

Financial LLP v. Milton Yancy Jr.," cause number 1122-AC04488 and a hearing was set for May 12, 2011 A true and accurate copy of the petition is attached hereto marked Exhibit "A."

12. At the hearing on May 12, 2011, Mr. Yancy appeared and entered into settlement negotiations with Midland Funding, through its attorneys Gamache & Myers, P.C. Upon information and belief, the discussion on behalf of Midland Funding was conducted by Mary Mazanec, an attorney with Gamache & Myers, P.C.

13. During those negotiations, Mr. Yancy informed the attorney representing Midland Funding that he would be unable to pay more than five dollars per month because his social security benefits constituted his sole income and that he was unable to work as a result of the symptoms and treatments associated with his cancer.

14. Mr. Yancy and Midland Funding entered into a settlement which involved him signing a consent judgment. A true and accurate copy of the consent judgment is attached hereto as Exhibit "B."

15. The terms of agreement were that Mr. Yancy would sign a consent judgment for eight hundred and eighty-one dollars and two cents ($881.02) at nine percent interest per annum and that execution on the judgment would be stayed as long as he timely paid monthly installments of five dollars per month until the amount was paid in full.

16. The parties agreed that the first monthly payment would be due by June 10, 2011 and that subsequent payments would be due on that date each subsequent month.

17. On June 3, 2011, Mr. Yancy sent the first installment of five dollars to Midland Funding. A true and correct copy of the receipt of that payment is attached hereto as Exhibit "C."

18. On or about June 6, 2011, Midland Funding, through its attorneys Gamache & Myers, P.C., called Mr. Yancy at his home and told him that five dollars was not a satisfactory monthly payment and that they would have to see about getting the debt cleared up faster by increasing his monthly payment.

19. Mr. Yancy again explained his financial and health situation to Midland Funding during the phone conversation and again stated that he could not afford to pay more than the five dollars monthly payment agreed to in the consent judgment.

20. On June 8, 2011, Midland Funding, through its attorneys Gamache & Myers, P.C., mailed a letter to Mr. Yancy. A true and correct copy of the letter is attached hereto, marked Exhibit "D."

21. Exhibit D additionally contained the following language: "Dear Mr. Yancy: This will acknowledge receipt of your partial payment on the above-noted matter. Although our client appreciates your showing of good faith, it is essential that you contact us to discuss repayment within the next ten (10) days. To that end, it is essential that you contact us to discuss resolving the matter."

22. Exhibit D. purported to be signed by the attorney Mary Mazanec.

23. As a result of the phone call and letter from Midland Funding, Mr. Yancy experienced symptoms of emotional distress including, but not limited to, the following: depression, anxiety, crying, insomnia, frustration, feelings of hopelessness, fear of answering his phone, and shame.

## **VIOLATIONS OF THE FDCPA**

24. Plaintiff re-alleges the allegations contained in paragraphs 1 through 23 of his Complaint and incorporates the same by reference as though fully set forth herein.Mr. Yancy is a "consumer" as the term is defined by the FDCPA, 15 U.S.C. § 1692a(6) in that Mr Yancy is a natural person obligated to pay a consumer debt.

25. Defendant, Midland Funding, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6) in that at all times herein mentioned, it was attempting to collect a consumer debt it purchased in default.

26. The FDCPA 15 U.S.C. §1692e provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:  (2) The false representation of – (A) the character, amount or legal status of any debt."

27. The FDCPA, 15 U.S.C. §1692e additionally provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (10) The use of any false representation or deceptive means to collect or attempt to collect any debt…"

28. The FDCPA, 15 U.S.C. §1692f(1) also provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge or

5

29. Plaintiff, made false, deceptive or misleading representations of the character, amount or legal status of the debt in violation of 15 U.S.C. §1692e(2)(A), and/or used false representations or deceptive means to attempt to collect a debt in violation of 15 U.S.C. §1692e(10), and/or used unfair or unconscionable means to attempt to collect a debt in violation of 15 U.S.C. §1692f(1), by one or more of the following:

   a. Calling Mr. Yancy and telling him that $5.00 a month was not satisfactory and that that the parties needed to agree upon a firm repayment plan for the alleged debt;

   b. Calling Mr. Yancy and telling him he needed to increase his monthly payment;

   c. Writing Mr. Yancy and representing to him that his payment of $5.00 was a "partial payment" showing "good faith".

   d. Writing Mr. Yancy and representing to him that it was essential that a new agreement be entered into.

   e. Writing Mr. Yancy and representing to him that it was essential that he call them to enter into a new agreement within ten days.

   f. Writing Mr. Yancy and representing to him that he must contact the attorney's office within ten days to resolve the matter.

    g. Writing Mr. Yancy a letter that purports to be signed by an attorney when in fact that attorney did not review the letter and did not sign the letter.

    h. Entering into a settlement agreement that it never intended to honor.

30. The Fair Debt Collection Practices Act, §1692k provides for actual damages, statutory damages up to one thousand dollars ($1,000.00), costs of this action, and reasonable attorney's fees for any violation of the Act.

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment against Midland Funding, LLC, for actual damages, statutory damages in the amount of one-thousand dollars ($1,000.00), costs of this action, a reasonable attorney's fee and any and all such additional and further relief as this Court deems just or proper in the circumstances.

By: /s/ Robert L. Swearingen
Robert L. Swearingen, #33339MO
Legal Services of Eastern Missouri
4232 Forest Park Blvd.
St. Louis, Missouri 63108
(314) 534-4200 ext. 1226 *tel*
(314) 534-1028 *fax*
E-Mail: rlswearingen@lsem.org
Attorney for Plaintiff